# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERMAINE D. DAVIS, #359294 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. WMN-11-1962 |
| STATE OF MARYLAND | * | |
| Respondent | * | |

**MEMORANDUM**

Before the Court is self-represented Petitioner Jermaine D. Davis's ("Davis") Petition for Writ of Habeas Corpus, ECF Nos. 1, 4, challenging the lodging of a detainer against him. Counsel has responded on behalf of the State of Maryland seeking dismissal of the Petition as moot. Davis has not filed an opposition.[1] For the reasons that follow, the Court determines that no hearing is necessary, Local Rule 105.6, and the Petition will be dismissed as moot.

**BACKGROUND**

Davis, an inmate in the custody of the Maryland Division of Correction ("DOC"), requests dismissal or removal of a detainer in DOC records filed on behalf of the Circuit Court for Saint Mary's County, Maryland in Criminal Case No. 18-K-09-217. Davis avers that the detainer hinders him from participating in DOC work release programs and parole. ECF No. 1 Pet. and ECF No. 4, Suppl. Pet. Part IV. Davis explains the Circuit Court issued a warrant, Pet. ¶ 4, that "…put a detainer on me for the fine and court cost" imposed at sentencing. Davis contends "…that his Constitutional Rights[2] have been violated as well as his rights under the IAD [Interstate Agreement on Detainers]," because the Circuit Court failed to conduct a trial on

---

[1] Davis was notified of his opportunity to file an opposition with affidavits and exhibits. ECF No. 12.

[2] Davis does not specify the constitutional rights implicated.

the detainer within 120 days from the date of his request for disposition as he posits is required under the Interstate Agreement on Detainers. Pet. ¶¶ 5, 8, and 11 (alterations in original). As relief, he asks for removal of the detainer to permit him to "go to prerelease and earn wages to pay the fine." ECF No. 4, Suppl. Pet. Part IV.

## PROCEDURAL HISTORY

On September 22, 2009, Davis was convicted in Case No. 18-K-09-000217 in the Circuit Court for Saint Mary's County of manufacturing or distributing a controlled dangerous substance, sentenced to 5 years imprisonment, and fined $15,000.00, with court costs of $125.00 imposed. ECF No. 11, Resp. Ex. 1, 2, and 7.

On January 14, 2010, the Circuit Court ordered an arrest warrant for Davis based on his failure to pay the court-imposed fine. ECF No. 11, Resp. Ex. 3. The arrest warrant issued in the criminal case on January 19, 2010, and a detainer based on the arrest warrant was placed with the DOC on August 31, 2010, by the Sheriff's Office for Saint Mary's County. ECF No. 11, Resp. Ex. 10. In November of 2010, Davis requested disposition of the detainer. ECF No. 1, Pet. Ex. C at 3.

After Petitioner filed this federal Petition, the State's Attorney for Saint Mary's County on November 22, 2011, filed a Petition for the Issuance of a Writ of Habeas Corpus Ad Prosequendum to bring Petitioner to the Circuit Court on December 19, 2011 "…for service of warrant and disposition …" in Criminal Case No. 18-K-09-000217. ECF No. 11, Resp. Ex. 5. On December 19, 2011, Circuit Court held a hearing on the detainer, and ordered the warrant recalled and the $15,000 fine suspended. ECF No. 11, Resp. Ex. 7 at 8.

On December 20, 2011, the Circuit Court issued an Order waiving the $15,000 fine and

2

amending the Circuit Court's Docket Entry to indicate that the fine "…is waived instead of suspended." ECF No. 11, Resp. Ex. 9. DOC records show the detainer was "lifted" as of December 19, 2011, and the warrant was "recalled." ECF No. 11, Resp. Ex. 10.

## DISCUSSION

Federal courts may adjudicate only live cases or controversies. U.S. Const. Art III, sec. 2; *see Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Nakell v. Attorney General of North Carolina*, 15 F.3d 319, 322 (4th Cir. 1994). A "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477. In this case, Davis has received the relief he is requesting, *i.e.*, the lifting of his detainer. Consequently, this matter no longer involves a live controversy and will be dismissed as moot.

A petitioner in a habeas corpus proceeding has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability. *Id.* A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made the requisite showing here. Accordingly, a Certificate of Appealability shall not issue.

## CONCLUSION

For the foregoing reasons, this case will be dismissed as moot. A separate Order follows.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: March 19, 2014

3